UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **2:26-cv-03528-FLA-CTS** Date: **July 15, 2026**

Title **Jace King v. California Highway Patrol, et al.**

Present: The Honorable Christina T. Shay, United States Magistrate Judge

| | |
|---|---|
| Marina Moreno-Carrillo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
| Not present | Not present |

**Proceedings (In Chambers): Order to Show Cause Regarding Failure to File Proof of Service**

On February 13, 2026, Plaintiff Jace King ("Plaintiff") commenced this action in the Superior Court of California, County of Los Angeles, against Defendants California Highway Patrol ("CHP") and four CHP officers—Dulong, Ho Yi, Andrew McAllister, and one unidentified officer (collectively, "Officers"). (*See* ECF No. 1 at 2.[1]) On March 3, 2026, service of the summons and complaint was effectuated on CHP. (*Id.*) On April 1, 2026, CHP answered the complaint in Superior Court (*id.* at 23–28) and removed the action to this Court (*id.* at 4). CHP represented in its Notice of Removal that it was not aware of service having been effected on any of the Officers. (*Id.* at 3.)

On April 27, 2026, Magistrate Judge Steve Kim issued an Initial Case Management Order. ("CMO," ECF No. 6.) In the CMO, Plaintiff was ordered to (1) serve the summons and complaint (or obtain waivers of such service of process) on all named defendants by May 18, 2026, and (2) file proof of service within three days of the date of service. (*Id.* at 1.) Plaintiff was warned that if service was not completed by that deadline, the Court might dismiss the action in whole or against any unserved defendants. (*Id.*)

The CMO's plain terms required Plaintiff to file a proof of service for each of the four Officers no later than May 21, 2026. (*Id.*) Since the CMO was filed on April 27, 2026, however, Plaintiff has filed nothing. Thus, Plaintiff has failed to comply with a court order, despite being advised that failure to comply might result in dismissal.

In addition, Federal Rule of Civil Procedure 4(m) states that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). And Central District of California Local Rule 4-6 requires that the plaintiff "file a proof of service within 14 days of service of the summons and complaint or receipt of a notice and acknowledgement

[1] Pinpoint citations refer to the page numbers in the CM/ECF-generated headers of filed documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **2:26-cv-03528-FLA-CTS** Date: **July 15, 2026**

Title **Jace King v. California Highway Patrol, et al.**

of service." C.D. Cal. L.R. 4-6. "Failure to file a proof of service timely may result in the imposition of sanctions against the plaintiff, including but not limited to the dismissal of the defendant that was the subject of the proof of service." *Id.* Thus, even if Judge Kim had not set specific deadlines in the CMO by which Plaintiff was required to effect and to file proof of service, Plaintiff would have been required to do so by operation of the local and federal rules. Either way, Plaintiff now appears to be almost two months late in effecting service on the Officers.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE, within 14 days of the date of entry of this order**, why the Court should not dismiss this action against the Officers. Plaintiff may discharge this Order by filing a proof of service for each of the Officers. Failure to do so could result in a recommendation that this case be dismissed as to any Officer who remains unserved by that deadline.

It is so ordered.